UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IRA G. MOHLER & SON, INC.,<br>Plaintiff, | )<br>)<br>)<br>) |
| v. | ) C.A. No. 12-943 S |
| ASTONISH RESULTS, LLC,<br>Defendant. | )<br>)<br>)<br>) |

## ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Astonish Results, LLC's ("Astonish") Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 12. For the reasons stated below, Defendant's Motion is GRANTED.

The sole basis for jurisdiction in this case is diversity of citizenship pursuant to 28 U.S.C. § 1332(a). ECF No. 1 ¶ 3. Plaintiff Ira G. Mohler & Son, Inc. ("Plaintiff") is a citizen of Pennsylvania, while Defendant Astonish is a limited liability company, whose citizenship is coterminous with that of its members. Defendant's Motion challenges whether there is diversity jurisdiction; it is buttressed by an affidavit from the chief operating officer averring that Noreen Johnson has been both a member of Astonish and a "resident" of Pennsylvania since prior to the filing of the Complaint. This affidavit was supplemented by a representation made in open court at the status conference with the Magistrate Judge: defense counsel confirmed that Ms. Johnson is not only a resident, but also a citizen of Pennsylvania, thus destroying diversity jurisdiction.

Plaintiff has not filed a response to Defendant's Motion and it is unopposed. At the status conference, Plaintiff's counsel affirmed that the factual underpinnings to the motion to

dismiss are not disputed. In an abundance of caution, the Court gave Plaintiff until March 1, 2013, to advise whether it wished to contest dismissal of the case for the lack of diversity jurisdiction. March 1 came and went and Plaintiff did not file anything in opposition to dismissal for lack of diversity jurisdiction. Therefore, the matter is ripe for dismissal without prejudice based on the lack of diversity jurisdiction.

Diversity jurisdiction would exist if, at the time of the initiation of the action, there was complete diversity between Plaintiff and the members of Astonish, in that Astonish then had no member who is a citizen of Pennsylvania and no member who is "stateless." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam); see Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 140 (1st Cir. 2004). Citizenship of a limited liability company like Astonish is determined by the citizenship of its members. Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Plaintiff bears the burden of proving diversity jurisdiction once challenged. Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008); Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) (quoting O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982)).

Based on the foregoing, Defendant's Motion (ECF No. 12) is GRANTED. The case is dismissed without prejudice based on lack of diversity jurisdiction.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date: March 6, 2013